# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAIJON MCCALL,                              )
                                            )
               Plaintiff,                 )          Civil Action No. 20-264
                                            )
    v.                                     )          Judge Cathy Bissoon
                                            )
BELLEVUE MCDONALDS, *et al.*,               )
                                            )
              Defendants.                )

## **ORDER**

Defendants' Motion to Dismiss (Doc. 8) will be granted, for Plaintiff's non-compliance with Federal Rule of Civil Procedure 8, and Plaintiff will be ordered to file an amended complaint.

Plaintiff has filed this lawsuit, *pro se*, against his former employer, Bellevue McDonald's, and its owner. *See* Compl. (Doc. 5). In terms of his former employer, Plaintiff appears to have sued the wrong fictional entity, but Defendants' counsel has decided (wisely, in the Court's view) not to litigate the distinction. *See* Defs.' Br. (Doc. 9) at 1 (identifying correct employer-Defendant as "PHF Group III, LLC d/b/a Bellevue McDonald's"). In any event, and for the sake of simplicity, the Court will refer to Plaintiff's former employer as "McDonald's."

Plaintiff alleges federal question subject matter jurisdiction, and purports to state claims for "retaliation, workplace harassment [and] sexual harassment." Compl. at pg. 3. Defendants have moved to dismiss, citing Federal Rule 8; the "plausibility" requirement applied under Rule 12(b); and highlighting that the Complaint is unclear regarding which Defendant is charged with which alleged-violation. *See generally* Defs.' Br.

The Court agrees that Plaintiff's current Complaint fails the standards under Rule 8 – requiring "short and plain statement[s]" showing entitlement to relief. Although Plaintiff's current pleadings also likely would fail the plausibility standard, and the requirement that allegations against each particular Defendant be parsed-out, the shortcomings under Rule 8 present threshold difficulties that make further assessment of his claims virtually impossible.

Any leniency afforded *pro se* litigants notwithstanding, Rule 8 requires Plaintiff to offer short and plain statements showing he is entitled to relief. His submissions do not do that. Rather, he lists off random factual averments, devoid of context, spicing them with blunt legal conclusions stated as fact. *See, e.g.*, Compl. at un-numbered page 6 of 9 (claiming McDonald's is guilty of "retaliation," and bullet-pointing that he was "fired over the phone[,] fired after filing with EEOC[, he] wanted to tell [the] owner about the smoking in bathrooms that managers allowed[, and McDonald's] deleted [his] electronic time card[] punch ins"). How McDonald's could offer reasoned responses to such pleadings, let alone formulate defenses thereto, is difficult to imagine.

In addition, Plaintiff has attached handwritten notes to the Complaint, *see* Doc. 5-3, and similar notes and text message strings to his Response in Opposition (Docs. 12-1 and 12-2). Expecting Defendants' counsel to parse these extraneous materials, in search of putative claims, would be legally unjustified and patently unfair.

At bottom, Plaintiff must make better efforts at providing a complaint that states, in short, simple and direct terms, the legal claims he hopes to pursue and the facts in support of those claims. It does not benefit the Court, Defendants or even Plaintiff for him to laundry-list every perceived slight or misdeed that allegedly transpired during his employment at McDonald's. Plaintiff's (only) legally-recognized claims are that Defendants retaliated against him for filing

complaint(s) with the EEOC; and that he was sexually harassed during his employment. *See* discussions *supra*. It is difficult, if not impossible, to imagine how his being fired over the phone − his wanting to have complained about smoking in the bathroom − or McDonald's having allegedly deleted his electronic time cards – are necessary or relevant to such claims. Furthermore, Plaintiff purports to bring claim(s) for general "workplace harassment," a theory that is not independently recognized in any employment-discrimination statute. *See* Compl. at un-numbered page 6 of 9 (alleging "workplace harassment," and listing, "bullying, stress, intimidate[ion], irrational repeated behavior, mistreatment, humiliat[ion], workplace aggression, emotional abuse, discomfort, [and being] yelled at in front of employees & customers"). While these allegations, if true, are unfortunate, not every perceived misdeed does a lawsuit-make.

In order to proceed with his case, Plaintiff must assert his claims in a more focused, straightforward, simple and direct manner. He must state his claims in a single, paragraphed complaint, without reliance on extraneous documents, written notes or "evidence" in the form of text messages or otherwise. While these things may, or may not, be relevant later in the case, a complaint is intended only to provide a simple statement of legally-recognized claims for relief, with short and plain statements of fact supporting each such claim.

Plaintiff's lack of legal representation hardly compels the conclusion that he is incapable of complying with Rule 8. *Pro se* litigants routinely are called upon to, and have been successful in, filing compliant-pleadings capable of surviving challenges for dismissal. Indeed, Plaintiff himself (albeit in his Response to Defendants' Motion, which − under the law – cannot qualify as an amendment to the Complaint) has shown some ability to make a short, plain statement in support of recognized-relief. *See, e.g.*, Doc. 12 at 1 ("[Plaintiff] was fired for being one min[ute]

late for [his] McDonalds shift," shortly after having filed his first EEO charge); *compare*

*also* Doc. 5-2 at pg. 3 of 6 (indicating that Plaintiff signed his initial charge on July 27, 2018)

*with* Defs.' Br. at 2 (appearing to confirm that Plaintiff's employment was terminated on

August 8, 2018, less than two weeks later).

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 8**) is **GRANTED**,

without prejudice to amendment.  IT IS FURTHER ORDERED that Plaintiff shall file an

amended complaint, compliant with the instructions above, by **December 21, 2020**.

**Plaintiff must make best efforts to comply with Rule 8, and state legally recognizable**

**claims for relief**, because the Court does not anticipate granting further opportunity for

amendment.

If Plaintiff fails to timely file an amended complaint, the Court will enter an order

summarily converting the dismissal to one with prejudice.  If Plaintiff timely files an amended

complaint, Defendants shall answer or otherwise respond consistent with Federal Rule

12(a)(1)(A)(i), *i.e.*, within 21 days.[1]

IT IS SO ORDERED.


December 3, 2020                                        s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via First-Class U.S. Mail):

Daijon McCall
1966 McNary Blvd.
Pittsburgh, PA  15221

---

[1] Under the circumstances, the Court does not believe that Defendants should be required to
meet the more rigorous deadline established in Rule 15(a)(3).

cc (via ECF email notification):

All Counsel of Record